**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JEFF NELSON, #1221058, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0026-D |
| | ) | ECF |
| REYNOLDS, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Defendants are Lt. Reynolds of the Middleton Unit, Officers J. Gomez and S. Beck of the Neal Unit, and Officers Chaplain and Major. The Court did not issue process in this case, pending preliminary screening. On January 22, 2007, the Court issued a questionnaire to Plaintiff, who filed his answers thereto on January 30, 2007.

Statement of Case:  Plaintiff filed this action on January 5, 2007, less than a month from the filing of his December 13, 2006 federal habeas petition, which challenges his Dallas County criminal conviction and probation revocation proceedings in No. F01-43037 (for which he is

presently incarcerated within TDCJ-CID), and three prison disciplinary actions (one from the

Middleton Unit and two from the Neal Unit).  *See Nelson v. Quarterman*, 3:06-cv-2302-G (N.D.

Tex., Dallas Div.) (assigned to District Judge Fish and Magistrate Judge Sanderson).

On January 8, 2007, Plaintiff filed a second habeas petition, which the Court construed as

an amended habeas petition in No. 3:06cv2302-G, because it reiterated claims related to his

conviction, revocation, and disciplinary proceedings.  The habeas case is presently pending

before District Judge Fish awaiting payment of the $5.00 filing fee.[1]

The civil rights complaint is very difficult to understand.  Liberally construing the same,

in accordance with Plaintiff's *pro se* status, it appears to challenge the same proceedings at issue

in the pending habeas case -- namely Plaintiff's conviction, probation revocation, and prison

disciplinary cases.  Plaintiff also seek to challenge a "gassing" incident that occurred at the

Middleton Unit in connection with his first disciplinary case.  He alleges that the use of "gas"

was unwarranted and caused him physical harm.

The complaint fails to specify the relief sought.  In answer to the questionnaire, however,

Plaintiff affirms that he is seeking monetary damages with respect to the "gassing" incident

against any of the persons named as defendants in his complaint.  (*See* Answers to Question 2).

He also requests dismissal of his disciplinary cases because he was not guilty.  (*See* Answer to

Questions 4 and 5).[2]

---

[1]	In his latest pleading, received on April 13, 2007, and filed in his civil rights and
habeas cases, Petitioner alleges that he has mailed the $5.00 fee payment.  As of the filing of this
recommendation, however, the Clerk has yet to receive the $5.00 fee payment.

[2]	Since Plaintiff seeks monetary damages against individual Defendants for alleged
civil rights violations, in addition to raising habeas type claims, the filing fee provisions of the
Prison Litigation Reform Act (PLRA) apply.  *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir.

Findings and Conclusions:  The Court granted Plaintiff leave to proceed *in forma pauperis*.  His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  That section provides that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e).

Sections 1915A(b) and 1915(e) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Insofar as Plaintiff seeks to challenge his underlying criminal conviction, probation revocation, and prison disciplinary cases, his claims are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus,

---

1997) (holding that only habeas petitioners are not subject to the PLRA) (citing *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997) (§ 2254 petitioners); *United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir.1996) (§ 2255 motions)).  Contemporaneously with the filing of this recommendation, the Magistrate Judge filed a PLRA filing fee order.

even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

As noted above, Plaintiff is presently litigating claims relating to his conviction, probation revocation, and disciplinary cases in his pending habeas action. *See Nelson v. Quarterman*, 3:06cv2302-G, *supra*. Accordingly, the District Court should dismiss as duplicative any claims challenging his conviction, probation revocation, and prison disciplinary proceedings. *Cf. Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (the court may properly dismiss an action when it "duplicates allegations of another pending federal lawsuit by the same [person].)"

Insofar as Plaintiff seeks monetary relief against the individual defendants in connection with the "gassing" incident (*see* Answer to Question 4), this claim should likewise be dismissed at the screening stage. Plaintiff fails to allege a sufficient physical injury to sustain a claim for damages for mental pain or emotional injury suffered while in custody. *See* 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).[3] The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Id.* at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original).

---

[3]    Section 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

While Plaintiff alleges "physical harm," as a result of the use of "gas" (Complaint at 3), he does not allege what injury, if any, he endured and the extent of that injury. *See Alexander v. Tippah County*, 351 F.3d 626, 631 (5th Cir. 2003) (concluding that nausea, which was not severe enough to warrant medical attention, was de minimis).

In addition, Plaintiff's claim for monetary damages for the "gassing" incident is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff concedes that the "gassing" is related to the events leading to his disciplinary violation at the Middleton Unit, which resulted in the loss of good-time credits and class rank. (*See* Answer to Question 5).

In *Heck,* the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. The *Heck* "favorable termination" requirement applies to actions attacking disciplinary proceeding, like the one at issue in this case. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997).

A favorable judgment as to the "gassing" incident would necessarily imply the invalidity of Plaintiff's first disciplinary conviction for which he lost good time credits. As a result, Plaintiff cannot bring a § 1983 action challenging the "gassing" incident, which is inextricably related to the first disciplinary violation, until his disciplinary conviction has been expunged,

reversed, or otherwise set aside.  *Heck*, 512 U.S. at 488-499; *Edwards,* 520 U.S. at 648; *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir.1998) (en banc); *Williams v. Cleer*, 123 Fed. Appx. 591, *592 (5th Cir. 2005) (unpublished per curiam); *Chavez v. Sanchez*, 2005 WL 1131760, *2 (N.D. Tex. 2005) (Plaintiff cannot collaterally attack prison disciplinary case in a civil rights action until he can demonstrate that the disciplinary case has been reversed, expunged, invalidated, or called into question by a state or federal court's issuance of a writ of habeas corpus).

Therefore, the District Court should dismiss Plaintiff's monetary claim with prejudice as frivolous to its being asserted again until the *Heck* conditions are met.  *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissal as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissal with prejudice unless the district court specifically dismisses without prejudice).[4]

RECOMMENDATION:

For the foregoing reasons, it is recommended Plaintiff's challenge to his conviction, probation revocation, and disciplinary proceedings be DISMISSED without prejudice as duplicative of the claims pending in his federal habeas corpus action.

It is further recommended that Plaintiff's claim seeking monetary relief for the "gassing"

---

[4]      In the event the District Court were to conclude that Plaintiff has alleged a sufficient physical injury with respect to the "gassing" incident, and that his claim is not barred by *Heck*, it should consider transferring that claim to the Abilene Division of the Northern District of Texas, where the Middleton Unit is located and where the events at issue occurred. The Court notes that while Plaintiff filed grievances complaining of the "gassing" incident, he states they were either "too late, denied, or not acted or followed through," hence it is unclear whether he has fully exhausted his administrative remedies.  (Answer to Question 3).

6

incident be DISMISSED with prejudice as frivolous for failing to allege a sufficient physical injury under 42 U.S.C. § 1997e(e).  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  Alternatively, this claim should be DISMISSED with prejudice as frivolous until the conditions set out in *Heck v. Humphrey* are met.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.